# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

Assigned on Briefs November 28, 2001

## STATE OF TENNESSEE v. ROSS BURGER

### Direct Appeal from the Criminal Court for Bradley County
#### No. 00-097      Carroll Lee Ross, Judge

---

### No. E2001-00941-CCA-R3-CD
### March 19, 2002

---

Defendant appeals the trial court's denial of placement in the Community Corrections Program. Denial of placement in Community Corrections Program for untruthfulness and failure to report to begin sentence of incarceration was not abuse of discretion. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Charles M. Corn, District Public Defender, and A. Wayne Carter, Assistant Public Defender, for the appellant, Ross Burger.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; Jerry N. Estes, District Attorney General; and Shari Lynn Tayloe, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 6, 1999, defendant Ross Burger, while serving a six-month sentence for burglary in the Bradley County Justice Center, was furloughed from incarceration in order to seek medical treatment. Upon return to the Justice Center that same day, defendant underwent a strip search. The search yielded a bag of tobacco, two bags of marijuana, and rolling papers.

Defendant was subsequently indicted by a Bradley County Grand Jury in the spring of 2000 for introduction of a controlled substance into a penal institution, possession of a controlled substance with intent to sell, and possession of drug paraphernalia. On January 8, 2001, defendant pled guilty to possession of drug paraphernalia and introduction of a controlled substance into a penal institution, a Class A misdemeanor and Class C felony, respectively. The drug possession count was merged with the introduction of a controlled substance into a penal institution count.

The trial court conducted a sentencing hearing on March 5, 2001, after which the trial court found that the following enhancement factors applied:  Tennessee Code Annotated section 40-35-114(1), (8), (13), (14), and (21).  The trial court found no mitigating factors.  Defendant was sentenced to six years, the maximum within his appropriate range, for the Class C felony.  Defendant received a sentence of eleven months, twenty-nine days on the Class A misdemeanor to run concurrently with his sentence for the Class C felony.

The judgment containing the Class C felony sentence also provided that after serving six months in jail, defendant could apply for Community Corrections Program.  Further, defendant was to report to jail to begin his sentence on March 9, 2001, by 5:00 p.m.

Defendant failed to report to jail as ordered.  On March 19, 2001, a capias was issued for defendant for failure to report to custody, and no bond was set.  Defendant was subsequently picked up on the capias and brought before the trial court on April 2, 2001.  The trial court appointed defendant counsel and informed defendant that, by his failure to report to jail as ordered, he was ineligible for consideration for Community Corrections Program.  The trial court opined that defendant violated Community Corrections before he even started.  The trial court then set defendant's revocation hearing for April 9, 2001.  At the revocation hearing on April 9, 2001, defendant and his attorney simply stated to the trial court that defendant did not understand when he was to turn himself in.  The trial court found that defendant had a history of saying he did not understand and of not showing up at the proper time.  The trial court declined to accept defendant's excuse for failing to report, finding defendant untruthful.  The trial court ordered defendant to serve his entire sentence in the Tennessee Department of Correction.  Defendant filed a timely notice of appeal on April 18, 2001.

Defendant argues that the trial court should have allowed him to serve his sentence in the Community Corrections Program.  The Tennessee Community Corrections Act was developed to "punish selected, nonviolent felony offenders in front-end community based alternatives to incarceration, thereby reserving secure confinement facilities for violent felony offenders."  Tenn. Code Ann. § 40-36-103(1).  The program is available for

> (1) persons who, without this option, would be incarcerated in a correctional institution;
> (2) persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person . . .;
> (3) persons who are convicted of nonviolent felony offenses;
> (4) persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;
> (5) persons who do not demonstrate a present or past pattern of behavior indicating violence; [and]
> (6) persons who do not demonstrate a pattern of committing violent offenses . . . .

Id. § 40-36-106(a)(1)-(6).  Those who are sentenced to incarceration or are on escape at the time of sentencing are not eligible for the program.  Id. § 40-36-106(a).  No defendant has the absolute right to be sentenced pursuant to the Community Corrections Act.  State v. Taylor, 744

S.W.2d 919, 922 (Tenn. Crim. App. 1987). Further, each case must be determined by the specific facts and circumstances presented therein. Taylor, 744 S.W.2d at 922 (citing State v. Moss, 727 S.W.2d 229 (Tenn. 1986)).

Defendant appeals the trial court's revocation of defendant's opportunity to be placed in the Community Corrections Program. Defendant requests this Court to review *de novo* the record and the actions taken by the trial court. The State, however, contends that defendant escaped from custody following a temporary leave and is therefore ineligible for community corrections. Further, the State contends a review of defendant's presentence report reveals that defendant has at least four convictions for assault, including one instance of assaulting a police officer, and the pattern of behavior indicating violence makes defendant ineligible for the Community Corrections Program, pursuant to Tennessee Code Annotated section 40-36-106.

It is undisputed that defendant did not report to begin his sentences as he was ordered. The presentence report reveals that defendant, since age thirty-two, has been arrested forty-four times and convicted thirty-five times. He has a history of failing to appear in court. In the instant case, two capias warrants were issued for his failure to appear in court.

Therefore, the central question is whether defendant, by his action of failing to report as he was ordered to do, forfeited his opportunities to seek community corrections status after serving six months in the county jail. We believe the answer is yes.

When a defendant, as here, requests additional time to get his personal affairs in order before reporting to serve his sentence and fails to report as ordered, his or her actions clearly have a drastic effect upon the orderly administration of justice. Defendant, although not an escapee in the technical sense, has more or less absconded and is in willful violation of a court's order.

After being arrested on a capias for failing to report as ordered, the trial court appointed defendant an attorney and held a revocation hearing at which time the trial court found defendant's excuse for failing to report untruthful. We note that lack of truthfulness reflects poorly on rehabilitative potential and is relevant in determining appropriate sentencing alternatives. See Tenn. Code Ann. § 40-35-103(5); State v. Sparks, No. M1999-01330-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 592 (Tenn. Crim. App., filed August 2, 2000, at Nashville). Additionally, if a defendant is already serving in the Community Corrections Program, his or her sentence may be *revoked* if a court finds the defendant not to be credible. State v. Barham, No. 02C01-9904-CC-00128, 1999 Tenn. Crim. App. LEXIS 1004, at *5 (Tenn. Crim. App., filed Oct. 6, 1999, at Jackson) (stating that defendant was "incredible" when he stated that he did not report for Community Corrections Program because he misunderstood the trial court's order). Finally, if a defendant is already serving in the Community Corrections Program, his or her sentence may be revoked if the defendant fails to report. State v. Markowicz, No. 03C01-9804-CC-00144, 1999 Tenn. Crim. App. LEXIS 641, at *5-6 (Tenn. Crim. App., filed July 7, 1999, at Knoxville) (revoking sentence where defendant "just quit" performing under the conditions of the alternative sentence). We see no reason why the above reasons, typically employed to

*revoke* a sentence of Community Corrections Program, should not apply here so as to deny defendant from initially being placed in the Community Corrections Program.

We conclude that the trial court did not err by denying defendant's placement in Community Corrections Program.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE